[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 5 November 1993 Date of Application: 5 November 1993 Date Application Filed: 5 November 1993 Date of Decision: 22 March 1994
Application for review of sentence imposed by the Superior CT Page 4576 Court Judicial district of Ansonia/Milford, at Milford. Docket No. CR 5-91468.
David Egan, Esq., For the Petitioner
Mary Galvin, Esq., For the State of Connecticut
[MEMORANDUM OF DECISION]
[BY THE DIVISION]
The petitioner entered pleas of guilty to Sexual Assault 3rd (2 counts), in violation of Conn. Gen. Stat. § 53a-72(a). The court imposed a sentence of five years, execution suspended after two years, with five years probation on each count to run consecutively for a total effective sentence of ten years execution suspended after four years. The court also included several conditions to insure the petitioner has no unsupervised contact with children during the probationary period.
The record shows that the petitioner was the uncle of the victim and that the petitioner sexually abused him since the age of eight years. The victim claimed that he was forced into oral and anal sex.
The attorney for the petitioner gave to the panel the psychosocial evaluation given to the sentencing court. Counsel argued that the sexual acts committed were not forced but consented to by the victim. Counsel asked the panel to reduce the petitioner's sentence to one to two years arguing that it was more pragmatic to have the petitioner being treated rather than incarcerated with no treatment component. The petitioner, when he addressed the panel, also blamed the victim claiming that he told the victim that he wanted to stop the relationship. He denied ever using force and noted that he did stop on his own and that he took full responsibility for his acts. He shared that he had a good work history and home to return to and that he was available for outside CT Page 4577 counseling.
The state's attorney said that the sentencing court took into consideration the psychosocial report given to the panel. Contrary to the petitioner's position, she noted that the victim suffered severe trauma and that he presently was in a foster home trying to cope with the effects of the sexual abuse. She felt that the sentencing court properly imposed the present sentence as punishment. She noted that there was no hope of rehabilitation for the petitioner based upon the position he took before the court and this panel. Counsel also felt it would be appropriate for this panel to increase the petitioner's sentence and asked the panel to do so.
In view of the nature of the offenses here, considering the tender age in which the offenses began, this panel finds the sentence imposed neither inappropriate nor disproportionate when analyzed from the requirements of P.B. 942. THE SENTENCE IS AFFIRMED.
Norko, J.
Purtill, J.
Klaczak, J.
Norko, J., Purtill, J. and Klaczak, J. participated in this decision.